UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSALIND M. WILLIAMSON; PAUL WILLIAMSON, SR., ) ) ) Plaintiffs, ) ) vs. ) ) 191 DISCOUNT FOOD STORE; ) WILLIAMSON OIL COMPANY, INC., ) ) Defendants. ) | CV 04-B-0443-S |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. (Doc. 2.) Plaintiffs Rosalind M. Williamson and her father Paul Williamson, Sr., have sued defendants 191 Discount Food Store and Williamson Oil Company, Inc., alleging that defendants discriminated against Ms. Williamson because of her race when it failed to hire her as promised. Plaintiffs also allege a state-law claim based on defendants' breach of their promise to hire Ms. Williamson. Upon consideration of the record and the relevant law, the court is of the opinion that defendants' Motion to Dismiss/Motion for Summary Judgment, (doc. 2), is due to be granted and plaintiffs' claims are due to be dismissed.

## I. SUMMARY JUDGMENT STANDARD

On July 2, 2004, the court entered an Order notifying plaintiffs of its intent to consider evidence outside the pleadings and to treat defendants' Motion to Dismiss/Motion for Summary Judgment as a Motion for Summary Judgment. (Doc. 5.)

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving parties is to be believed and all justifiable inferences are to be drawn in their favor. *See id.* at 255. Nevertheless, the non-moving parties need not be given the benefit of

every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. DISCUSSION

### A. 191 DISCOUNT FOOD STORE

In their Complaint, plaintiffs name 191 Discount Food Store as a defendant. From the record, it appears that 191 Discount Food Store is not a legal entity. Rather, 191 Discount Food Store is a name under which defendant Williamson Oil Company does business. (*See* doc. 2, Ex. A at 1.) Therefore, all claims against 191 Discount Food Store are due to be dismissed.

### B. DISCRIMINATION CLAIM

Plaintiffs contend that Williamson Oil discriminated against Ms. Williamson when it did not hire her as an Assistant Manager. The court employs the burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later refined in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981), when analyzing employment discrimination cases based on circumstantial evidence.[1] Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of retaliation. *See Burdine*, 450 U.S. at 252-53. If the plaintiff successfully establishes a

---

[1]Plaintiffs have not presented direct evidence of race discrimination. "Direct evidence is evidence, which if believed, proves the existence of the fact in issue without inference or presumption." *Maynard v. Board of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003)(quoting *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1987)(quoting *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 n. 6 (11th Cir.1987)))(internal quotations omitted).

3

prima facie case, the burden of production shifts to the defendant "to articulate a legitimate, nondiscriminatory reason" for the employment action. *See McDonnell Douglas*, 411 U.S. at 802. If the defendant succeeds in carrying this burden, then the plaintiff must prove that defendant's articulated reasons are a mere pretext for unlawful discrimination. *See Burdine*, 450 U.S. at 253. At all times, plaintiff bears the burden of persuasion on the ultimate question of whether the defendant acted with an unlawful motive. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether ***each*** of the defendant employer's articulated reasons are unworthy of credence, the employer is entitled to summary judgment on the plaintiff's claim. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1529 (11th Cir. 1997).

For purposes of summary judgment only, the court assumes that plaintiffs can establish a prima facie case of race discrimination with regard to defendant's failure to select Ms. Williamson for the position of Assistant Manager.

Williamson Oil contends that it did not select Ms. Williamson for an Assistant Manager position for two reasons: (1) it told Ms. Williamson that she would have to begin her employment in a Store Clerk position before she could progress to a management position, an offer which Ms. Williamson declined, (doc. 2, Ex. A ¶ 5); and (2) she falsified her job application, (*id.* ¶ 6). These reasons are sufficient to shift the burden to plaintiffs to prove defendant's articulated reasons are unworthy of credence.

4

A plaintiff may establish that an articulated reason is unworthy of credence "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *See Carter v. City of Miami*, 870 F.2d 578, 584 (11th Cir. 1989). If a plaintiff chooses to establish pretext by showing that her employer's proffered reason is unworthy of credence, she must attack that reason "head on and rebut it." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000). The plaintiff must offer evidence that "casts sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable fact finder to conclude that the employer's proffered 'legitimate reasons were not what actually motivated its conduct.'" *Combs*, 106 F.3d at 1538 (quoting *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 605 (11th Cir. 1994)). Moreover, a plaintiff cannot prove pretext simply by quarreling with the wisdom of her employer's decision. *Chapman*, 229 F.3d at 1029 (citing *Alexander v. Fulton County*, 207 F.3d 1303, 1341 (11th Cir. 2000); *Combs*, 106 F.3d at 1541-43).

The "pretext analysis focuses on a narrow question: Would the proffered evidence allow a reasonable factfinder to conclude that the articulated reason for the decision was not the real reason?" *Walker v. Prudential Property & Cas. Ins. Co.*, 286 F.3d 1270, 1276 (11th Cir. 2002). "When evaluating a charge of [retaliation], . . . [the court] must focus on the **actual knowledge** and **actions** of the **decision-maker**." *Id.* at 1274 (quoting *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1262 (11th Cir.2001) and citing *Bass v. Board of County Comm'rs*, 256 F.3d 1095, 1105 (11th Cir.2001))(emphasis added).

5

The court's July 1, 2004, Order required plaintiffs to file any opposition to defendants' Motion to Dismiss or, in the Alternative for Summary Judgment on or before July 23, 2004. On July 22, 2004, plaintiffs filed a document entitled "Motion for a Trial by Jury." (Doc. 6.) Plaintiffs attached documents to the Motion. The court will consider this plaintiff's Response to the Motion for Summary Judgment.

Plaintiffs contend that Ms. Williamson quit her job in Georgia to work for Williamson Oil. Also, they state that after Ms. Williamson "refused to [accept] a [Store Clerk position], [defendant] hire[d] a white lady to fill the position." (Doc. 6 at 2.) Plaintiffs have attached two letters from the EEOC. In the December 1, 2003 letter, the Acting Director of the EEOC, Donald Burris, wrote –

> A review of the record received into evidence shows that you did terminate your previous employment and made application to [defendant]. In your application, you applied for a manager position, to which the respondent found that you had falsified you[r] application with respect to having been terminated from a previous employer. Based upon this factor and that they found you not qualified to step into an assistant manager[']s position you were not hired.

(Doc. 6, Attach. (EEOC Letter, dated Dec. 1, 2003).) A short time later, Burris sent Ms. Williamson a second letter; this letter states:

> This office is in receipt of your correspondence received on December 10, 2003. In this document you have stated that you were not terminated from you[r] previous position. The letter to you of December 1, 2003, did not say you were fired, it simply stated you did terminate your employment. Otherwise, stated [sic] you quit your employer at the time.
>
> With respect to you stating you did not apply for the manager position, you are correct. You applied for a managerial position of Assistant Manager. Both the store manager and assistant managers are managerial positions. You were not

> hired as you were not found qualified to be hired into an assist[ant] manager position and it was found you had not listed a [previous] termination.
>
> In considering the above information and the file documents, it is unlikely that a violation can be established.

((Doc. 6, Attach. (EEOC Letter, dated Dec. 10, 2003).)

Plaintiffs' evidence is consistent with Williamson Oil's articulated reasons for not hiring Ms. Williamson for the Assistant Manager position. Plaintiffs have offered nothing to rebut Williamson Oil's articulated reasons or to otherwise demonstrate that such reasons are unworthy of credence. Therefore, the Motion for Summary Judgment is due to be granted and plaintiffs' discrimination claim against Williamson Oil is due to be dismissed.

## C. STATE-LAW CLAIM

In their Complaint, plaintiffs allege claims for "discrimination and failure to hire as promise[d]." (Doc. 1, Attach. at 1.) To the extent that plaintiffs' "failure to hire as promised" claim states a claim under Alabama law,[2] the court declines to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

Section 1367(c)(3) states, "A district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Although this court's determination to continue to exercise jurisdiction over the state law claims is a discretionary one, the United States Supreme Court has indicated that "if the federal claims are dismissed

---

[2]*See, e.g., Borum v. Alabama Inter-Forest Corp.*, 719 So.2d 851, 853 (Ala. Civ. App. 1998)(citing *Kidder v. AmSouth Bank, N.A.*, 639 So.2d 1361, 1362-63 (Ala. 1994)).

before trial, even though not insubstantial in a jurisdictional sense, the state claims ***should be dismissed*** as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)(emphasis added). Likewise, the Eleventh Circuit Court of Appeals has held, "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First National Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)(citing *Hardy v. Birmingham Board of Education*, 954 F.2d 1546, 1553 (11th Cir. 1992)). In *Baggett*, the court found, "When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), this Court finds that the state law claims remaining in this action are best resolved by the Georgia courts. This is ***especially true*** here where the Court is dismissing Plaintiff's federal law claim ***prior to trial***." *Id.* (citing *Gibbs*, 383 U.S. at 726, 86 S. Ct. at 1139; *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Eubanks v. Gerwen*, 40 F.3d 1157 (11th Cir. 1994))(emphasis added). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Id.* (internal citations omitted).

Based on the foregoing, this court declines to exercise jurisdiction over plaintiff's remaining state-law claim. Therefore, plaintiffs' state-law "failure to hire as promised" claim will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that all claims against defendant 191 Discount Food Store are due to be dismissed. Also, as to plaintiffs' discrimination claim, the court is of the opinion that there are no material facts in dispute and defendant

Williamson Oil is entitled to judgment as a matter of law. Finally, the court declines to exercise supplemental jurisdiction over plaintiffs' "failure to hire as promised" claim against Williamson Oil, and the court will dismiss such claim without prejudice. An order granting defendants' Motion to Dismiss/Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

    **DONE** this ___20th___ day of August, 2004.

                                              _Sharon Lovelace Blackburn_
                                              **SHARON LOVELACE BLACKBURN**
                                              United States District Judge